Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert W. Robinson, a/b/a Robinson-Ogilvie Moving and Storage, Respondents.

Argued September 14, 1979, before Judges Crum-
lish, Jr., Wilkinson, Jr. and Craig, sitting as a panel
of three.

*Sandra S. Christianson,* Assistant Attorney Gen-
eral, for petitioner.

*Paul K. Geer,* with him *Robert C. Jones* and *Jones,
Gregg, Creehan & Gerace,* for respondents.

Opinion by Judge Craig, October 31, 1979:

This appeal from the Workmen's Compensation
Appeal Board requires us to interpret the first para-
graph of Section 406.1 of The Workmen's Compensa-
tion Act (Act)[1] which provides:

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3
of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1.

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in Section 407, on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum. Any payment of compensation prior or subsequent to an agreement or notice of compensation payable or greater an amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case.

The facts are simple. John Dunn injured his back on December 21, 1976. The employer had notice of the accident the same day. The claimant did not receive any compensation payment installment until February 14, 1977. Respondent, the insurance carrier, did not pay the full weekly compensation owing until February 23, 1977.

The Department of Labor and Industry (department) issued a "notice of hearing" under Section 435 of the Act, 77 P.S. §991, asserting violations of the Act.[2]

The referee found that the carrier had not received notice of the accident from the employer until the twenty-second day after the accident occurred, and

---

[2] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

that, despite several requests from the insurance carrier, the employer did not supply all of the necessary wage information relevant to the claimant until some time after February 8, 1977.

The referee concluded that the carrier did not violate any provisions of the Act because it had no knowledge that an accident had occurred, and therefore could not have timely filed a notice of compensation payable within 21 days of the accident.

After a grant of a rehearing, the board affirmed the referee's decision, but relied on the department's regulation at 34 Pa. Code §121.7, which refers only to employers.[3] The board never addressed the pertinent Section 406.1 of the Act, which refers to both employers and insurers.

The words of that statute are clear. Under the literal wording of the statute, the 21-day period begins to run from the time only the employer has notice or knowledge of the employee's disability, and the duty to investigate begins when an injury is reported or known only to the employer; nevertheless, the statute begins by imposing a duty on *both* the employer and the insurer to "promptly investigate" reported injuries and to "proceed promptly to commence the payment of compensation due."

The second sentence of the statute, which contains the 21-day, first-installment requirement, does not identify the payor. However, the 21-day limit set forth

---

[3] The relevant portion of the regulation provides that:

(a) Employer's Notice of Compensation Payable, Form OIDC-495, may be used as indicated under Section 407 of the act (77 P.S. §731).

(b) The employer shall submit the notice directly to the employe or his dependent, with a copy to the Department, as soon as practicable, and in no event later than 21 days from the date employer knew of injuries.

in that sentence must be read as modifying and clarifying the general duty imposed on employers *and insurers* (contained in the preceding sentence) to commence payment promptly.

The legislature seems to have proceeded upon an assumption that employers and their insurance carriers remain in communication regarding injuries and disabilities reported to the employer.

Under the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a), the fundamental principle of statutory construction is to ascertain the intent of the legislature. In so doing, "[e]very statute shall be construed, if possible, to give effect to all its provisions."

In summary, there is no other way to give effect to the language of the statute than to read it as necessarily importing that insurers assure themselves, whether by their contract with employer-insureds or otherwise, that work-related injuries and disabilities known to the employer shall be made known promptly to them by the employer. Therefore, as a matter of law, we must reverse the conclusions of the referee and the board that, merely because the employer was lax in notifying the insurer of claimant's accident, no violation of the Act by the insurer occurred in this case.

However, because the Commonwealth does not press for the imposition of a penalty on the insurer, and because the insurer apparently did use its best efforts to comply once it had actual knowledge of the occurrence of an injury by an employee of one of its insured, we do not feel that it is proper for us to overturn the board's decision not to impose a penalty. The culprit properly penalizable in this case appears to be the employer.

We reverse solely because the literal terms of the section—the validity of which has not been attacked—provide a basis for a determination of a violation.

ORDER

AND Now, this 31st day of October, 1979, the opinion and order of the Workmen's Compensation Appeal Board at No. A-73434, dated October 5, 1978, is reversed insofar as it finds that a technical violation of The Workmen's Compensation Act did not occur and that the insurer had no duty in this case, and affirmed insofar as it does not impose a penalty on the aforesaid insurance carrier.