Stephen Mosgo, Petitioner *v.* Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.), Respondents.

Argued May 3, 1984, before Judges MacPhail, Colins and Barbieri, sitting as a panel of three.

*Bart E. Ecker, Laputka, Bayless, Ecker & Cohen, P.C.*, for petitioners.

*John A. Bednarz, Jr.,* for respondent, Tri-Area Beverage, Inc.

Opinion by Judge Barbieri, August 1, 1984:

Petitioner, Stephen Mosgo (Claimant), appeals from the action of the Workmen's Compensation Appeal Board (Board) in sustaining a referee's decision sanctioning the discontinuance of benefit payments.

Claimant, a driver-salesman for Tri-Area Beverage, Inc. (Employer), suffered a heart attack while delivering half barrels of beer, each weighing 170 pounds, to a customer of the Employer on November 23, 1979, in what he described as "double work" because of the holiday, when he suffered pains in his chest and arms, became weak and was sweating. He was relieved of duty and reported to his physician, Glenwood R. Schreiner, M.D., who promptly sent him to Hazleton State General Hospital where he was admitted to the Intensive Care Unit and treated for "his

318

coronary heart attack." Dr. Schreiner, in response to an inquiry from the insurance carrier's adjuster as to whether the heart attack was "as a result of strenuous activity," replied, "I feel that the attack occurred as a result of strenuous activity." The insurer, having begun its investigation on November 28, 1979, obtained a signed statement from the Claimant on December 12, 1979, and having received Doctor Schreiner's report dated December 20, 1979, made payments of compensation due for the period November 24, 1979 to January 4, 1980, stating in a memorandum to Claimant dated December 28, 1979 "[w]e have not yet completed our medical investigation of your case. However, we are issuing an initial compensation-check due to the length of time since injury occurred. We reserve the right to deny the claim if future medical reports show case is not compensable." The insurer states that payments were discontinued because of a report received by it from a physician, Dr. F. Gazek, stating "Mr. Mosgo's type of work was not related to his heart attack." The date of receipt of Dr. Gazek's communication is uncertain, but the request therefor was dated December 19, 1979 and the insurer's witness testified that he had no date when Dr. Gazek's report was received; only that it was "after Dr. Schreiner's report." A Notice of Workmen's Compensation Denial, as required under the third paragraph of Section 406.1 of The Pennsylvania Workmen's Compensation Act (Act),[1] and mandated under 34 Pa. Code §121.13 to be filed within twenty-one days after notice or knowledge of the employe's disability, was not filed until January 16, 1980.

The insurer took none of the statutory steps required in order to discontinue compensation pay-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1.

ments, such as a petition for termination under Section 413 of the Act, 77 P.S. §771. Claimant, however, in an effort to have the payments reinstated, filed a petition entitled "PETITION TO REVIEW NOTICE OF COMPENSATION," averring therein: "Stephen Mosgo, Claimant/Employee petitions for a review of the Notice of Compensation Payable in the above-captioned matter in accordance with Paragraph 413 of the Workmen's Compensation Act." Claimant averred also that he had "sustained a compensable accident on November 23, 1979 while in the course of his employment with the Defendant Employer;" that the "Defendant Employer and/or its workmen's compensation insurance carrier paid Claimant temporary total disability benefits for the period November 24, 1979 through January 4, 1980;" and that "Defendant and/or its workmen's compensation carrier, unilaterally and in violation of the Workmen's Compensation Act, suspended payment of any further total disability benefits;" requesting relief in the nature of "an Order . . . directing the Defendant and/or workmen's compensation insurance carrier to resume payments in accordance with the Notice of Compensation under which Claimant was previously paid."

Defendant's answer admitted payment stating "said payments were made pending investigation as to compensability of accident," requesting "that an order be entered directing that claimant did not sustain a compensable accident,[2] and that Employer and Workmen's Compensation Insurance Carrier are not liable for payment of benefits." (Footnote added.) On this Petition and Answer a hearing was held at

---

[2] Both Claimant and Defendant in the petition and in the answer refer to "accident" and "compensable" accident whereas, since 1972 no accident but only a work-related injury is required for the disability occasioned thereby to be compensable. Section 301 of the Act, 77 P.S. 411, 431.

which no medical witness was called, but at which Claimant and Eugene Semcheski, the latter employed by the insurer to investigate the claim, were the sole witnesses. A statement written by Semcheski and signed by Claimant was also made part of the record. The only medical evidence in the record consists of the one line statements of Drs. Schreiner and Gazek previously mentioned. There is also a copy of the records of Hazleton State General Hospital on Claimant's confinement there from November 23, 1979 to December 7, 1979. The EKG at the hospital "disclosed acute inferior wall myocardial infarcation."

On this sparse record the referee rendered his decision[3] in which after reciting the principal events detailed above, made the following conclusions in his findings of fact:

> 5. The Referee has now reviewed the evidence and still finds that the Defendant has acted in good faith and not contrary to the Workers' Compensation Act. The Claimant's statement does not prove the cause of his heart attack and the medical evidence supplied by Dr. Glazek states unequivocally that the Claimant's type of work was not related to his heart attack. Based upon this information, it was unusual for the Defendant to withhold further payments of compensation until it was established that the Claimant's heart attack was work-related.

> 6. It is significant that no Notice of Compensation Payable was ever filed by either the Claimant or the Defendant, nor was any Claim Petition filed by the Claimant. Therefore, it is still the burden of the Claimant to show by com-

---

[3] References here and hereafter are to the second decision of the referee, dated March 1, 1982, entered after appeal and remand following a first decision dated February 4, 1981.

petent evidence, that his heart attack was related to his employment.

His dispositive conclusion of law reads:

2. The Claimant, Stephen Mosgo, has failed to prove that the Defendant, Tri-Area Beverage, Inc., has acted contrary to the Workers' Compensation Act, or that they have wrongly terminated payments to the Claimant. Therefore, the Claimant's Petition to Review should be dismissed.

He therefore entered the following order: "AND NOW, this 1st day of March, 1982, the Claimant's Petition to Review is dismissed." The Board on appeal affirmed stating: "We also again note that no notice of compensation payable was ever filed with the Bureau in this case. Therefore, it is still claimant's burden to show that his heart attack was in fact related causally to his employment."

Claimant's principal contention here is that the insurer, having accepted liability by making payments under the Act, may not discontinue payments, and excuse its failure to seek termination as provided in Section 413 of the Act, on the basis of its non-compliance with the procedures mandated in Section 406.1; neither filing a Notice of Compensation Payable nor, until after it has ceased making payments, a Notice of Compensation Denial.[4]

---

[4] Claimant in his brief argues:

[i]f your Honorable Court were to affirm the decision of the Workmen's Compensation Appeal Board as proper, the logical conclusion is obvious: employers or their Workmen's Compensation insurance carriers would then be afforded the opportunity to pay benefits for an extended period of time and, thereafter, cease payment of benefits on the theory that said benefits were not subject to the Act since they did not formally file either a Notice of Denial or Notice of Compensation Payable as required under §406.1, . . . Supra., or §407 of the Act. . . .

The question at issue as we see it is whether a referee in such a case may require the Claimant to assume the burden of proof for the continuation of benefits when a proper Notice of Compensation Payable would have put the burden to terminate payments upon the Employer or its insurer. To allow such a shift of the burden of proof, of course, is to reward those employers and carriers who do not comply with the Act while disadvantaging those who do, not only as to the critical matter of burden of proof, but as to the grant or denial of a supersedeas, an issue which has been held to have constitutional implications. *Baksalary v. Smith,* 579 F. Supp. 218 (E.D. Pa., 1984).

First of all, it must be remembered that Section 406.1 was enacted in 1972 precisely as an instrumentality for carrying out the legislative intent to require prompt acceptance or denial of compensation liability for workers' injuries.[5] Also, in the same year, Section 413(b) was added to the Act providing that the action

---

He also asserts:

Obviously, to conclude that a carrier may "in good faith" pay compensation and thereafter terminate said compensation payments at will would only result in wholesale flagrant violations of the Act by carriers filing neither a Notice of Denial nor a Notice of Compensation Payable under the good faith umbrella.

[5] The preamble to the Act of February 8, 1972, P.L. 25, contains the following statement:

Of even greater concern are deficiencies in the workmen's compensation laws with respect to the procedures for processing work-connected injury cases and payment of compensation due. We find that notwithstanding that the Department of Labor and Industry has been charged with responsibility for enforcing the law and regulating its administration by insurers and self-insurers, the act fails to equip the department with essential powers and mechanisms to require observance of reasonable time standards in processing and payment operations, and totally omits any pro-

of ''[any] insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor as provided in section 408, or a final receipt as provided in Section 434, or without filing a petition . . . shall be subject to penalty as provided in section 435.''

In the first paragraph of Section 406.1 it is provided:

> Section 406.1   The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407, on forms prescribed by the department and furnished by the insurer. *The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability.* (Emphasis added.)

Section 407 of the Act, 77 P.S. §731, provides in relevant part:

> Where payment of compensation is commenced without an agreement, the employer or insurer shall simultaneously give notice of compensation payable to the employe or his dependent,

---

vision for the department to hear and determine, even in the first instance, the entitlement of employes or their dependents where entitlement is contested, or as more frequently occurs, where compensation is withheld for unexplained reasons.

Accordingly, the General Assembly declares that the purpose of the amendments added by this amending act to The Pennsylvania Workmen's Compensation Act is to correct these procedural deficiencies and assure the full payment of compensation when due.

on a form prescribed by the department, identifying such payments as compensation under this act and shall forthwith furnish a copy or copies to the department as required by rules and regulations. It shall be the duty of the department to examine the notice to determine whether it conforms to the provisions of this act and rules and regulations hereunder.

34 Pa. Code §121.13, entitled "Denial of Compensation," in turn reads:

If compensation is controverted, Notice of Workmen's Compensation Denial (OIDC-496) shall be sent to employe or dependent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department, no later than 21 days after notice or knowledge to the employer of employe's disability or death.

This twenty-one day limitation is mandated by Section 406.1, the emphasized portion of the quotation above, that "[t]he first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability."

Whether we take the date when the employer first had "knowledge of the employe's disability," November 23, 1979, as the date of beginning of the 21 days' period or we start the running of that period from November 28, 1979, the date when the insurer began its investigation, there was a non-compliance with Sections 406.1 and 407 of the Act and 34 Pa. Code §121.13. Under these circumstances while the insurer's "good faith" in paying and discontinuing payments may warrant relief from penalties *Commonwealth, Department of Labor & Industry v. Workmen's Compensation Appeal Board (Robinson)*, 47

Pa. Commonwealth Ct. 108, 407 A.2d 139 (1979),[6] *overruled on other grounds,* 49 Pa. Commonwealth Ct. 404, 410 A.2d 1325 (1980), we deem "good faith" to be irrelevant as an excuse for non-compliance with the promptness requirements of Sections 406.1 and 407 and, in any event, the expressed reservation on payments relied upon by Respondents, indicating that "[w]e reserve the right to deny the claim if future medical reports show case is not compensable," being a condition on payments not authorized by the Act, is "null and void" under the first paragraph of Section 407. *See Klingler v. Workmen's Compensation Appeal Board (Rupert),* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980).

We conclude that since Respondents may not profit by their delinquency in failing to carry out the mandates of Sections 406.1 and 407, they are estopped to disavow their acceptance of liability and must, therefore, be held bound by agreement to pay compensation with the same legal effect as would apply if they had formally complied with the Act and the applicable Rules and Regulations of the Department; and, accordingly, the referee and Board erred in placing the burden of proof on the Claimant; rather the burden was and is on the Respondents. Since this is so, the case must be remanded for a hearing on Re-

---

[6] In *Robinson,* we stated:

The words of that statute are clear. Under the literal wording of the statute, the 21-day period begins to run from the time only the employer has notice or knowledge of the employee's disability, and the duty to investigate begins when an injury is reported or known only to the employer; nevertheless, the statute begins by imposing a duty on *both* the employer and the insurer to "promptly investigate" reported injuries and to "proceed promptly to commence the payment of compensation due." (Emphasis in original.)

*Id.* at 111, 407 A.2d at 141.

spondents' answer construed as a petition under Section 413, and Petitioner's Petition for Review treated as an answer thereto.[7]

### ORDER

Now, August 1, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated; the record is remanded for further proceedings consistent with this opinion, including the right of all parties to present testimony or evidence at a hearing or hearings before the Board or a referee. Jurisdiction relinquished.

---

[7] Since strictness of pleading is not required in workmen's compensation proceedings, a pleading presented under an improper section will be deemed to have been presented under the appropriate section. *Lako v. Schlessinger*, 208 Pa. Superior Ct. 85, 220 A.2d 665 (1966). *See Woodard v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 558, 411 A.2d 890 (1980). This rule applies equally to pleadings by the claimant or the employer. *Schneider v. Sears, Roebuck and Co.*, 206 Pa. Superior Ct. 282, 213 A.2d 83 (1965) ; *Fehr v. Y.M.C.A., Pottsville*, 201 Pa. Superior Ct. 107, 192 A.2d 143 (1963).