511 A.2d 261

The Bell Telephone Company of Pennsylvania, Petitioner *v.* Workmen's Compensation Appeal Board (Rothenbach, Jr.), Respondents.

Submitted on briefs April 2, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Jackie B. Sparkman,* for petitioner.

*John W. McTiernan,* for respondent.

OPINION BY JUDGE BLATT, June 23, 1986:

The Bell Telephone Company of Pennsylvania (Bell) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee disallowing further compensation to William F. Rothenbach, Jr. (claimant); dismissing the claimant's Petition to Review; and terminating the Notice of Compensation Payable to which Bell and the claimant had agreed.

The claimant was originally injured, when, as he was performing his duties on June 6, 1980, a chair on which he was sitting broke and he sustained a lower back injury. The aforementioned Notice of Compensation Payable was filed on June 6, 1980 and the claimant received benefits at the rate of $242.00 per week thereunder. On September 1, 1980, the claimant returned to work at his former salary with no loss of earning power.

On August 19, 1981, the claimant experienced low-back pain upon awakening and he was unable to get out of bed. He was unable to relate that pain to any activity or injury subsequent to his return to work on September 1, 1980. He did not report to work from August 19, 1981 through August 8, 1982.

The June 16, 1980 Notice of Compensation Payable had not been modified, suspended or terminated by a supplemental agreement or any petition filed by Bell as of August 19, 1981. On June 1, 1982, the claimant filed a Reinstatement Petition alleging a recurrence of disability as of August 19, 1981 due to his June 6, 1980 injury. At the August 3, 1982 hearing before the referee, the claimant's counsel requested and was granted an amendment of the Reinstatement Petition to a Petition to Review the Notice of Compensation Payable.

Finding that the claimant failed to establish a "legal nexus" between his alleged disability from August 19, 1981 through August 8, 1982 and his June 6, 1980 work injury, the referee dismissed the Petition to Review and terminated the Notice of Compensation Payable as of September 1, 1980 in conformity with the claimant's return to work on that date.

Relying on *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975), the Board concluded that, inasmuch as Bell had not filed a petition to modify, suspend or terminate the Notice of Compensation Payable, the referee was without jurisdiction to rule on that agreement under Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1]

On review, Bell cites *Mosgo v. Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.),* 84 Pa. Commonwealth Ct. 316, 480 A.2d 1285 (1984), to sup-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

port its contentions that the Board erred in its ruling and that the referee should be able to treat its answer to the claimant's June 1, 1982 petition as a Petition to Terminate.[2] We agree.

Section 413 of the Act pertinently provides that:

> *[a] referee* designated by the department *may,* at any time, *modify, reinstate, suspend, or terminate a notice of compensation payable,* an original or supplemental agreement or an award of the department or its referee, *upon petition filed by either party,* upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed. . . . (Emphasis added.)

We construe the emphasized portion of the above-quoted statutory language to allow a referee to take the appropriate action as indicated by the evidence upon the filing of any petition referenced therein by either party. As the *Mosgo* Court noted, "strictness of pleading is not required in workmen's compensation proceedings, a pleading presented under an improper section will be deemed to have been presented under the appropriate section. This rule applies equally to pleadings by the claimant and the employer." *Id.* at 326 n.7, 480 A.2d at 1290 n.7 (citations omitted).

---

[2] By Order of this Court, dated April 2, 1986, the claimant was precluded from filing a brief on review for failure to comply with our earlier order to file and serve his briefs on or before March 24, 1986.

We believe, further, that there is no inconsistency between *Mosgo* and *Leuschen*. This is so because Section 413 specifically empowers only the referee, not the Board, to alter a notice of compensation payable in the first instance. Moreover, the Board's action of decreasing an award of attorney's fees and terminating benefits as of the date that it found that Leuschen returned to work occurred under a far different procedural posture than is present in the instant case.

Leuschen and his employer did not agree on compensation and Leuschen filed a Claim Petition which was contested. After a hearing, a referee awarded compensation to Leuschen with medical expenses and attorney's fees to be paid by the employer. The employer then appealed and, before the Board heard the matter, the employer also filed a request that its appeal act as a supersedeas. The Board granted the supersedeas request and, thereafter, filed an opinion and order modifying the referee's adjudication as described above. There was no Notice of Compensation Payable filed in *Leuschen*, nor had the referee had an opportunity to adduce evidence on, or to consider, any Section 413 petition. Under such circumstances, we believe that *Leuschen* correctly held that the *Board* acted improperly.

Instantly, the parties did agree to a Notice of Compensation Payable and the claimant did file a Reinstatement Petition, subsequently amended on the motion of the claimant's counsel to a Petition to Review the Notice of Compensation Payable. We believe, therefore, that it was proper for the *referee* here to rule as he did and that *Leuschen* must be restricted to its particular circumstances. We disagree with the Board that *Leuschen* prevents a *referee*, on an appropriate petition, after a full and fair hearing at which a relevant record is developed, from modifying, reinstating, suspending or terminating a notice of compensation payable regardless

of which party filed the petition instituting the proceedings.

Accordingly, we will reverse the order of the Board and reinstate the order of the referee.[3]

ORDER

AND NOW, this 23rd day of June, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the order of the referee therein is reinstated.

---

[3] Regarding the merits of this case, we note that, in his findings of fact, the referee specifically relied on Bell's Exhibit A to support the critical findings on which he based his legal conclusions. Exhibit A is the deposition testimony of Dr. E. Reese Owens, who examined the claimant on behalf of the employer on several occasions following the June 6, 1980 injury and also after the initiation of the present proceedings. Dr. Owens testified to a reasonable degree of medical certainty that in his opinion the claimant's alleged disability from August 19, 1981 to August 8, 1982 was not related to the June 6, 1980 work injury. As such Dr. Owens' testimony constitutes substantial evidence for the referee's findings and we are bound thereby. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Accordingly, we detect no legal error in the referee's resolution of the merits of this case.