542 A.2d 197

William A. Holmes, Petitioner *v.* Workmen's Compensation Appeal Board (Schneider Power Corporation, and Commercial Union Insurance Company), Respondents.

Submitted on briefs February 4, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Raymond F. Keisling, Will, Keisling, Ganassi & Mc-Closkey,* for petitioner.

*Francis E. Pipak, Jr.,* with him, *Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondents.

OPINION BY JUDGE PALLADINO, June 1, 1988:

William A. Holmes (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision dismissing his claim petition. We affirm.

Petitioner was employed by Schneider Power Corporation (Employer) as a material control supervisor. In February of 1982, Petitioner worked in a second floor office located directly above the fabricating plant. Petitioner was off work from February 21, 1982 through May 2, 1982 because, according to Petitioner, the fumes from the fabricating plant were making him sick. During the period of time Petitioner was off, Employer paid him sixty percent of his wages pursuant to a voluntary employee benefits program. On May 3, 1982, Petitioner returned to work and was transferred to a building away from the fabricating plant. Petitioner worked in this new location for two days and had no difficulty doing his work. Petitioner was then laid off for economic reasons.

On May 2, 1983, Petitioner filed a claim petition alleging that on February 20, 1982 he became totally disabled as a result of an occupational disease. The nature of Petitioner's disease was described as chronic throat irritation, head congestion and lethargy.

Hearings were held before a referee. Petitioner presented the deposition testimony of Dr. Friday. Dr. Friday testified that he saw Petitioner on April 22, 1981 and that he believed Petitioner had toxic fume exposure syndrome. Friday deposition at 6. Dr. Friday was of the opinion that the toxic fume exposure syndrome was probably caused by zinc oxide fumes from the fabricating plant. Friday deposition at 7. Dr. Friday testified that Petitioner's problem would abate once he was away from the fumes. Friday deposition at 12. The only limitation Dr. Friday placed on Petitioner was that he stay away from the fumes. Friday deposition at 16.

The referee found that Petitioner's medical expert failed to provide unequivocal medical evidence to support a finding that Petitioner's exposure at work caused Petitioner to be disabled. Finding of fact no. 19. The referee concluded that Petitioner had failed to meet his burden of proof. Specifically, the referee concluded that Petitioner (1) had not demonstrated an injury which would entitle him to compensation under the Act,[1] (2) had not established that he had a disability related to his employment, and (3) had not established a loss of earnings resulting from a work related disability. Conclusions of law nos. 2, 3, and 4. The Board affirmed the referee.

On appeal to this court,[2] Petitioner phrases the issue as "whether payment in lieu of compensation requires the employer to comply with statutory mandates calling for the filing of a notice of compensation payable and a petition to terminate" and contends that because Employer did not comply with the Act the referee should have placed upon Employer the burden of proving that Petitioner was not disabled as a result of work related disability. Petitioner's argument is based on *Mosgo v. Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.),* 84 Pa. Commonwealth Ct. 316, 480 A.2d 1285 (1984). In *Mosgo,* an employer, through its workmen's compensation insurance carrier, paid an employee compensation for his injury. The employer later discontinued payments and the employee filed a

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1601.1.

[2] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed and Supply, Inc.),* 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987).

petition to reinstate disability. The employer had not filed a notice of compensation payable or a notice of compensation denial as required by the Act. The referee placed the burden of proving a continuing work-related disability on the employee. On appeal, this court held that the employer had the burden of proving that the employee was no longer disabled, because the employer, by failing to comply with the Act's requirements, was estopped from disavowing liability for workmen's compensation benefits.

Petitioner's reliance on *Mosgo* is misplaced. The question of who has the burden of proof is not dispositive of this case. The issue which must be addresssed before that question is even reached is whether the payments made by Employer to Petitioner constitute an admission by Employer that Petitioner has suffered a work-related disability. We conclude, for the reasons which follow, that the payments made in this case do not constitute an admission of work-related disability.

Employer's witness testified that Employer paid Petitioner sixty percent of his wages from February 22, 1982 to May 2, 1982 pursuant to the company's short-term disability program. November 20, 1984 hearing, N.T. at 6, 7. She testified that employees were allowed ten sick days with full pay and that if an employee was off for more than ten days, he would go on short-term disability and receive sixty percent of his salary. *Id.*, N.T. at 7, 8. Employer's witness indicated that an employee was eligible for short-term disability regardless of whether his disability was employment related. *Id.*, N.T. at 8. This testimony provides substantial evidence to support the Board's conclusion that Petitioner "received disability benefits from a disability coverage plan having nothing to do with workmen's compensation."

We conclude that an employer who pays an employee a percentage of his salary pursuant to a voluntary employee benefits program makes no admission that the employee suffered a work-related disability. Therefore, the referee did not err in placing upon Petitioner the burden of proving that he had suffered a work-related disability.

Finally, Petitioner in the body of his brief argues that Dr. Friday's testimony shows that Petitioner was disabled as a result of his employment and that the referee erred in finding he was not disabled as a result of his employment.[3] We disagree. It is well established that credibility determinations are for the referee. *Hammer v. Workmen's Compensation Appeal Board (Gannondale),* 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987). A referee may accept or reject the testimony of any medical witness in whole or in part. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco, Jr.),* 109 Pa. Commonwealth Ct. 53, 530 A.2d 982 (1987).

In this case, Dr. Friday testified that Petitioner suffered from toxic fume exposure syndrome and that Petitioner's symptoms were probably caused by zinc oxide fumes coming from the fabricating plant. However, Dr. Friday also testified that Petitioner's symptoms would abate once Petitioner was away from the fumes. Dr. Fri-

---

[3] Because this issue does not appear in the questions presented section of Petitioner's brief as required by Pa. R.A.P. 2116(a), Employer argues that it should not be addresssed. There have been cases where a court has addressed issues which have been inadvertently omitted from the statement of questions presented. *See Commonwealth v. Rodriquez,* 356 Pa. Superior Ct. 543, 515 A.2d 27 (1986). In this case, the second issue seems to have been inadvertently omitted by Petitioner's counsel. We will address the omitted issue because the issue was raised before the Board, is included in the petition for review, is argued by Petitioner in the body of his brief and appears in Petitioner's summary of argument.

day further testified that Petitioner had no trouble performing his job when he was away from the fumes. In fact, the only limitation Dr. Friday placed upon Petitioner was that he stay away from the fumes.

Accordingly, we affirm.

ORDER

AND NOW, June 1, 1988, the decision of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.