625 A.2d 135

**Patrick A. KELLY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONTROLLED DISTRIBUTION SERVICES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 1993.

Decided April 29, 1993.

Stephen B. Lipson, for petitioner.

Ronald F. Bove, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Patrick A. Kelly (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's denial of benefits to Claimant. We affirm.

On May 10, 1983, Claimant entered into a lease agreement with Controlled Distribution Services, Inc., (Respondent), a

Maryland corporation. Pursuant to the lease agreement, Claimant was responsible for providing truck drivers for Respondent. After being given a pick-up point, destination and a time frame for the load, Claimant negotiated the load with Respondent. Claimant had other drivers who worked for him, but he drove all loads for Respondent. While delivering a load in Pennsylvania, Claimant was involved in an accident. Respondent paid Claimant compensation under Maryland's Worker's Compensation Act for a period of time. Respondent then stopped making payments and offered a lump sum settlement. Claimant refused and filed for compensation in Pennsylvania. Respondent denied liability under the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, arguing that Claimant was an independent contractor and not its employee.

Following numerous hearings, the referee dismissed Claimant's petition, finding that Claimant was neither disabled nor an employee of Respondent. Claimant appealed, asserting that the referee had failed to make findings of fact and conclusions of law on an issue he raised to the referee, namely, whether Respondent had the burden of proof under the rationale of *Mosgo v. Workmen's Compensation Appeal Board (Tri-Area Beverage, Inc.)*, 84 Pa.Commonwealth Ct. 316, 480 A.2d 1285 (1984). The WCAB vacated and remanded for necessary findings of fact and, if the facts so warranted, the application of *Mosgo*.

Incorporating the findings of fact from the first decision, i.e., that Claimant was not disabled and was not an employee of Respondent, the referee further found that facts of this case did not warrant the application of *Mosgo*. Claimant again appealed, arguing only that he was Respondent's employee under the lease agreement and that Respondent's prior payment of workmen's compensation benefits under Maryland law required the application of *Mosgo*. However, the WCAB affirmed, concluding that Claimant was an independent contractor and that *Mosgo* was not applicable.

■   On appeal to this Court,[1] Claimant does not challenge the findings of the referee but simply argues that the WCAB erred as a matter of law in concluding that Claimant was an independent contractor and that *Mosgo* did not apply.

■   While numerous factors are considered in determining the existence of a master-servant relationship, "the crucial test, without doubt, is whether the alleged employer assumes the right of control with regard not only to the work to be done by the alleged employe, but also to the manner of performing it." *Heilner v. Workmen's Compensation Appeal Board (Aetna Freight Lines)*, 38 Pa.Commonwealth Ct. 494, 496, 393 A.2d 1085, 1086 (1978). Indicia of control may include: control over the manner in which work is to be done; responsibility for result; terms of the agreement; nature of the work or occupation; skills required for performance; which party supplies the tools; whether payment is by the time or by the job; whether the work performed is part of the regular business of the employer; and the right of the employer to terminate employment at any time. *See J. Miller Co. v. Mixter*, 2 Pa.Commonwealth Ct. 229, 277 A.2d 867 (1971). With respect to the leased truck situation, specific indicia of control may also include: which party purchases insurance; which party selects the route to be taken; inspection requirements; method of payment; whether the lessee's name is displayed on the vehicle; the lessor's ability to contract with other shippers; and any requirement that the lessor contract the lessee on a regular basis. *Shreiner Trucking Co. v. Workmen's Compensation Appeal Board (Wagner)*, 97 Pa.Commonwealth Ct. 182, 509 A.2d 1337 (1986).

The referee concluded that Claimant was an independent contractor because he controlled the manner of his work performance, being only responsible for the result. Respondent did not direct Claimant to use any particular route but rather advised Claimant of where the load was to be picked up

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

and delivered. Claimant's compensation was based on the load and he paid the insurance. While other factors could have influenced the referee to find that Claimant was an employee, substantial evidence existed to support the referee's findings that Claimant was an independent contractor.

Next, Claimant asserts that the WCAB erred in concluding that *Mosgo* does not apply to the facts here. In *Mosgo*, an insurer paid workmen's compensation benefits to a claimant but attached a memo, indicating that it reserved the right to deny benefits, if a medical report showed that the injury was not compensable. No notice of compensation payable was filed and the insurer ceased making payments when it received a favorable report from a physician. The referee had placed the burden on the claimant in this situation to prove the right to compensation, but we reversed, stating:

> The question at issue as we see it is whether a referee in such a case may require the Claimant to assume the burden of proof for the continuation of benefits when a proper Notice of Compensation Payable would have put the burden upon the Employer or its insurer. To allow such a shift of the burden of proof, of course, is to reward those employers and carriers who do not comply with the Act while disadvantaging those who do
>
> . . . .

*Mosgo*, 84 Pa.Commonwealth Ct. at 322, 480 A.2d at 1288. Thus, the insurer in *Mosgo* was estopped from denying liability and was required to pay as if it had formally complied with the Act. The court treated the employer's answer, denying liability, as a termination petition and claimant's petition as an answer. Claimant here asserts that the same result should apply as the Respondent's proffered reason for noncompliance, i.e., that it felt the claim was subject to Maryland law, requires the application of *Mosgo's* rationale. We do not agree.

First, Claimant received payments under Maryland's compensation act. At all times relevant hereto, Respondent denied liability under Pennsylvania's act. In *Holmes v. Work-*

*men's Compensation Appeal Board (Schneider Power Corp.),* 116 Pa.Commonwealth Ct. 479, 542 A.2d 197 (1988), we held that a claimant who asserted that his employer was barred from presenting a defense because he had received payment under a voluntary employee benefit program did not require the application of *Mosgo.* We held that before a *Mosgo* issue could be addressed, the referee must determine whether the payments made by the employer constituted an admission by the employer that the claimant suffered a work-related disability. We determined that the payment of the voluntary employee benefits program did not constitute an admission by the employer that claimant had suffered a work-related disability and hence, the claimant still had the burden of proving his claim.

Similarly, the receipt by Claimant here of benefits under Maryland's act does not constitute an admission by the Employer that Claimant suffered a work-related injury or disability under Pennsylvania's Act. Therefore, we hold that the WCAB did not err in holding that *Mosgo* did not apply.

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of April, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.