**Thomas J. KELLY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DePALMA ROOFING and S.W.I.F.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.
Decided Dec. 20, 1995.
Reargument Denied Feb. 6, 1996.

Thomas More Holland, for petitioner.

Brian J. Kredo, for respondents.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Thomas Kelly (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) affirming a Workers' Compensation Judge's (WCJ) order which (1) granted Claimant's petition for workers' compensation benefits, although concluding that DePalma Roofing (Employer) reasonably contested the petition, and (2) dismissed Claimant's petition for specific loss benefits.

As a roofing supervisor and union steward for Employer, Claimant worked varied hours, often from 6 a.m. to 8 p.m. or later, including Saturdays. His duties included overseeing other employees and making cash collections from customers in the company truck, which Claimant had use of and drove to and from work on a regular basis. During the night of July 15, 1989, Claimant was brutally assaulted by an unknown assailant and suffered serious injury to his brain and head. The next afternoon, Michael Lomberg, the owner of DePalma Roofing, visited Claimant in the hospital. Lomberg stated that he felt responsible for the attack and that he believed another employee, Mickey Sheppard, was Claimant's assailant.[1] For the next six

---

1. The WCJ found that Claimant, in his position as a supervisor for Employer, had often reprimanded Sheppard for drinking alcohol while on the job, (WCJ Findings of Fact, Nos. 5 and 14), and that Sheppard had threatened Claimant on

months, Lomberg paid Claimant's mortgage of over $500.00. He also gave Claimant's wife $300.00 per week for an unspecified period of time.

On September 24, 1991, Claimant filed two claim petitions for benefits pursuant to the Workers' Compensation Act (Act).[2] In one petition, Claimant alleged that he was disabled due to severe work-related head injuries stemming from the July 15, 1989 assault. In the other petition, Claimant sought specific loss benefits for scarring to his head, face and neck resulting from the assault. Employer challenged both of Claimant's petitions on the grounds that Claimant's injuries did not occur in the course of his employment.

After a hearing, the WCJ concluded that Claimant had suffered a compensable injury, (WCJ Conclusion of Law, No. 8), which had occurred within the course and scope of his employment, (WCJ Conclusion of Law, No. 2.)[3] The WCJ also concluded that Employer was estopped by sections 406.1 and 407 of the Act[4] from disavowing the compensability of the claim because the cash payments Employer made to Claimant and his wife were wages in lieu of workers' compensation indemnity benefits. (WCJ·Conclusions of Law, Nos. 6 and 7.) The WCJ then granted Claimant's petition for benefits for disability resulting from the head injuries, however, the WCJ dismissed as premature Claimant's petition for specific loss due to the scarring. (WCJ Conclusion of Law, No. 11.) Additionally, the WCJ concluded that Employer's contest had been reasonable, (WCJ Conclusion of Law, No. 12), and ordered Claimant's litigation expenses to be deducted from the compensation award. (R.R. at 20a.) Claimant appealed the WCJ's conclusion that Employer's contest was reasonable to the WCAB, which affirmed the WCJ's order. (R.R. at 11a.)

On appeal to this court,[5] Claimant asserts that the WCJ erred by: (1) concluding that Employer had a reasonable basis for contesting the claim petitions; and (2) denying Claimant's petition for specific loss benefits due to disfigurement.[6]

Where an employer's contest of liability has a reasonable basis, a claimant's

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

3. For this conclusion, the WCJ relied upon *Repco Products Corporation v. Workmen's Compensation Appeal Board (Habecker),* 32 Pa.Cmwlth. 554, 379 A.2d 1089 (1977), in which we held that an injury from an assault received in the course of employment was compensable where the personal animosity leading to the attack arose from a work-related dispute.

4. Section 406.1 of the Act, 77 P.S. § 717.1, was enacted to require prompt acceptance or denial of compensation liability for workers' injuries. *Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage),* 84 Pa.Cmwlth. 316, 480 A.2d 1285 (1984). Section 406.1 provides in relevant part:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407, on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first

the night of the attack and on earlier occasions, (WCJ Findings of Fact, Nos. 6–9 and 12).

> day after the employer has notice or knowledge of the employe's disability.

77 P.S. § 717.1.

Section 407 of the Act, 77 P.S. § 731, provides that an employer may commence payment of compensation benefits pursuant to the agreement of both parties. However,

> [w]here payment of compensation is commenced without an agreement, the employer or insurer shall simultaneously give notice of compensation payable to the employe or his dependent, identifying such payments as compensation under the act and shall forthwith furnish a copy or copies to the department as required by rules and regulations.

77 P.S. § 731.

5. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Berks County Home v. Workmen's Compensation Appeal Board (Schnable),* 145 Pa.Cmwlth. 582, 604 A.2d 767 (1992).

6. Claimant's second issue is waived because it was not properly raised before the WCAB and, therefore, was not preserved for appeal before this court. Pa.R.A.P. 1551; *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward),* 127 Pa.Cmwlth. 587, 562 A.2d 437 (1989).

attorney fees may be excluded from an award under section 440 of the Act, 77 P.S. § 996; this determination is a question of law which must be based on factual findings supported by record evidence. *Ratchko v. Workmen's Compensation Appeal Board (J. Bass & Co.)*, 31 Pa.Cmwlth. 585, 377 A.2d 1012 (1977). A reasonable contest is one brought to resolve a genuinely disputed issue and not merely for the purpose of harassment. *City of Scranton v. Workmen's Compensation Appeal Board (Cimoch)*, 88 Pa. Cmwlth. 64, 488 A.2d 648 (1985). Employer here asserts that its contest of Claimant's petitions was reasonable where the unusual facts surrounding this case made the question of whether Claimant's injury was work-related a legitimate issue.[7] Claimant argues, however, that once the WCJ found that Employer was estopped from denying liability by virtue of its voluntary payments in lieu of compensation, the WCJ could not properly find that Employer's contest was reasonable. We agree with Claimant.

 Payments in lieu of compensation are any voluntary or informal compensation, apart from the Act, paid with the intent to compensate for a work-related injury. *NUS Corporation v. Workmen's Compensation Appeal Board (Garrison)*, 119 Pa.Cmwlth. 385, 547 A.2d 806 (1988). It is the *intent* of the payment, not the receipt thereof, which is relevant. *Id.* In this case, on July 18, 1989, two days after Claimant's assault, Lomberg made the first of continuing weekly payments of $300.00 to Claimant's wife. The WCJ concluded that Lomberg made these payments with the intent to compensate Claimant for a work-related injury and, thus, that they qualified as compensation in lieu of

workers' compensation benefits.[8] The WCJ's conclusion is amply supported by testimony from Claimant, Claimant's brothers and Claimant's co-workers regarding events occurring before and after the assault.[9]

 Moreover, by publicly expressing his belief that a co-employee was responsible for Claimant's injuries and promptly beginning the weekly cash payments in lieu of workers' compensation benefits, Employer effectively admitted liability under the Act, making any subsequent challenge to that liability unreasonable. *Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage, Inc.)*, 84 Pa.Cmwlth. 316, 480 A.2d 1285 (1984).

In *Mosgo*, an employer made compensation payments to an injured employee, but claimed to reserve the right to discontinue payments pursuant to the results of its investigation of the injury. Like Employer here, the employer in *Mosgo* failed to file a Notice of Workmen's Compensation Denial within twenty-one days after notice of the employee's disability. We held that:

> [the employer] may not profit by [its] delinquency in failing to carry out the mandates of Sections 406.1 and 407, [it is] estopped to disavow [its] acceptance of liability and must, therefore, be held bound by agreement to pay compensation with the same legal effect as would apply if [it] had formally complied with the Act and the applicable Rules and Regulations of the Department....

*Id.* 480 A.2d at 1289.

 Here, the WCJ found that sections 406.1 and 407 estopped Employer from disavowing the compensability of Claimant's

---

7. Specifically, Employer points to the mysteries regarding the identity and motivation of Claimant's assailant and the fact that Claimant himself recalls nothing about the attack or anything leading up to that event.

8. We note that Employer's weekly payments of $300.00 to Claimant's wife, together with the monthly mortgage payments of over $500.00, is comparable to the $399.00 weekly benefits to which the WCJ concluded Claimant was entitled based on his average weekly wage of $699.00, thus, lending further support to the WCJ's finding that Employer's payments were intended to compensate Claimant for a work-related injury.

9. Joseph Mattos, a co-worker, testified that Claimant was working for Employer on the day of the accident and that Claimant intended to meet with Sheppard on the night he was assaulted. (WCJ Finding of Fact, No. 3.) Sheppard himself admitted that Claimant had reprimanded him for drinking alcohol while on the job and that he had threatened Claimant. (WCJ Findings of Fact, Nos. 13 and 14.) Claimant's brothers testified that, on at least three occasions after Claimant's assault, Lomberg stated that he felt responsible for Claimant's injuries and that he was aware of Sheppard's threats and believed Sheppard was the assailant. (WCJ Findings of Fact, Nos. 6–9.)

claim. Viewed in light of *Mosgo,* Employer's cash payments to Claimant and subsequent failure to file a Notice of Compensation Denial was an admission of liability which bound Employer as if Employer had filed a Notice of Compensation Payable. Once the WCJ found that liability had been admitted, Employer's contest could not be reasonable because there was nothing left to resolve. Therefore, the WCJ erred in concluding that Employer's contest was reasonable and ordering that Claimant's attorney's fees be deducted from his award.

Accordingly, we reverse the WCAB order to the extent that it affirmed the WCJ's conclusion that Employer's contest was reasonable and directed Employer to deduct from Claimant's award the cost of reimbursement for Claimant's legal expenses.

### ORDER

AND NOW, this 20th day of December, 1995, we reverse the order of the Workmen's Compensation Appeal Board at A94–0772, dated April 3, 1995, to the extent that it affirmed the Workers' Compensation Judge's conclusion that Employer's contest was reasonable and directed Employer to deduct from Claimant's award the cost of reimbursement for Claimant's legal expenses.