**Rosalyn GUNTER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (City of Philadelphia), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 2001.

Decided March 5, 2001.

Reargument En Banc Denied May 4, 2001.

Michael G. Dryden, Philadelphia, for petitioner.

No appearance entered on behalf of respondent.

Before PELLEGRINI, Judge, LEADBETTER, Judge, and MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

Rosalyn Gunter (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) dismissing her claim for benefits and request for imposition of penalties under the Pennsylvania Workers' Compensation Act (Act).[1]

Claimant filed a claim petition alleging that she was injured in an attack in the course of her employment as a police officer for the City of Philadelphia (Employer) together with a penalty petition asserting that Employer unilaterally ceased paying compensation. Employer denied the allegations of the claim and the penalty petitions.

Before the WCJ, Claimant testified that she worked as a Captain's Aide. Although that position mostly entailed clerical work, it also required her to be available for active police duties. On February 14, 1995, Claimant left work around 6:30 P.M. and after stopping at her mother's house, arrived at her home about 10:40 P.M. While still in her car, she noticed a man at the gate to her neighbor's yard. She lost sight of him and was reaching into her purse for her gun when the man appeared at her car window which was down halfway. She testified that she asked the man what he was doing in her driveway and advised him that she was a police officer. After stating that he just wanted to ask her a question, the man reached into the car, grabbed for her purse and punched her in the face. Claimant held onto the purse, and the attacker pulled her out of the car. The two struggled until the purse ripped scattering the contents, and after grabbing some items, the man left the scene. Claimant attempted to get up but noticed that she was having trouble standing. After getting her husband's attention, he picked her up off the front porch and carried her into the house.

Claimant went to the Germantown Hospital to be treated for a broken left ankle. While there, her Captain, Lawrence Kirkland, visited her. Claimant testified that she received Injured on Duty (I.O.D.) status through June 16, 1995, and sick leave thereafter. On August 7, 1995, she returned to limited duty in her Captain's Aide position but remained incapable of performing active police duties.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

Claimant presented the testimony of Captain Kirkland. He testified that during an interview of Claimant on February 16, 1995, at the Germantown Hospital, she stated that she had identified herself to the attacker as a police officer. Based on the information he received from Claimant in the interview, he believed her injuries occurred while she was performing police duties and placed her on I.O.D. status. However, he was later advised that he did not have authority to grant her I.O.D. status and that Employer's Safety Officer had denied I.O.D. status to Claimant. In accordance with the Safety Officer's instruction, Captain Kirkland stated he then placed Claimant on sick leave.

Claimant also offered the testimony of Brent Weinerman, D.O., board certified in general practice, who indicated that Claimant sustained a bimalleolar fracture and dislocation of her left ankle in the attack on February 15, 1995. He opined that Claimant could perform the duties of the Captain's Aide but not the normal duties of an active police officer.

Employer introduced an Investigative Report and an Injury Report taken in connection with the incident. Neither of these documents indicated that Claimant told the interviewers that she had advised her attacker she was a police officer. Employer also offered the testimony of Detective Louis Margerum who prepared the Investigative Report but acknowledged on cross-examination that he was not sure whether Claimant did or did not tell him that she identified herself as a police officer before the attack.

The WCJ rejected Claimant's testimony and found that she did not advise her attacker that she was a police officer and dismissed her claim petition because she was not in the course and scope of her employment at the time of the attack. He also rejected the penalty petition because no violation of the Act was established. On appeal to the Board, Claimant argued that the WCJ's findings were not supported by substantial evidence and that the WCJ erred in failing to recognize that Employer admitted liability for a work-related injury by issuing I.O.D. benefits and had violated the Act by unilaterally ceasing payments. The Board disagreed and affirmed the WCJ's decision holding that the payment of I.O.D. benefits was not an admission of liability under the Act, and that Claimant was not acting as a police officer when she was injured but merely a victim of a crime.

Claimant appeals,[2] contending that the Board erred in holding that Employer did not admit to liability under the Act by paying I.O.D. benefits "in lieu of compensation." Under the Act, where an employer fails to issue a notice of compensation denial under Section 406.1,[3] and com-

---

**2.** Our scope of review from an order of the Board is whether the WCJ's Findings of Fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Holmes v. Workmen's Compensation Appeal Board (Schneider Power Corporation)*, 116 Pa. Cmwlth.479, 542 A.2d 197 (1988).

**3.** Section 406.1 provides that:
(a) The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 or pursuant to a notice of temporary compensation payable as set forth in subsection (d), on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum. Any payment of compensation prior or sub-

mences payment of compensation without a notice of compensation payable (NCP) as required by Section 407,[4] the employer is estopped from contesting its liability· for the injury. *Mosgo v. Workmen's Compensation Appeal Board (Tri–Area Beverage, Inc.),* 84 Pa.Cmwlth.316, 480 A.2d 1285 (1984). Because we have equated Philadelphia's Civil Service Regulation 32, under which I.O.D. benefits are paid, to compensation pursuant to an NCP, *Sammons v. Civil Service Commission of City of Philadelphia,* 673 A.2d 998 (Pa.Cmwlth. 1996), *affirmed by an equally divided court,* 555 Pa. 1, 722 A.2d 1012 (1998),

Claimant contends that the payment of I.O.D. benefits should be considered payment of compensation for purposes of Employer's acceptance of liability under Sections 406.1 and 407.[5]

▉ Ignoring the issue of whether a line Captain can make a decision concerning I.O.D. status that binds the City,[6] while some worker's compensations principles are applicable in determining whether a police officer is entitled to benefits under Civil Service Regulation 32, the specific provision awarding I.O.D benefits for being injured on duty—Civil Service Regulation Section 32.0231 [7]—is more analogous

---

sequent to an agreement or notice of compensation payable or notice of temporary compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case.

(b) Payments of compensation pursuant to an agreement or notice of compensation payable may be suspended, terminated, reduced or otherwise modified by petition and subject to right of hearing as provided in section 413.

(c) If the insurer controverts the right to compensation it shall promptly notify the employe or his dependent, on a form prescribed by the department, stating the ground upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department.

77 P.S. § 717.1.

4. Section 407 provides in relevant part:

Where payment of compensation is commenced without an agreement, the employer or insurer shall simultaneously give notice of compensation payable to the employe or his dependent, on a form prescribed by the department, identifying such payments as compensation under this act and shall forthwith furnish a copy or copies to the department as required by rules and regulations.

5. In *Sammons,* we recognized that Philadelphia's "Civil Service Regulation 32 is similar in intent and form to the Pennsylvania Workers' Compensation Act ... and we have held

that the principles enunciated in interpreting that Act will apply to Regulation 32 where similar substantive issues are involved." *Id.* at 1002. We held that because "Employer issued the equivalent of a notice of compensation payable or, at the very least, an agreement to pay benefits when it placed Employee on 'injured-on-duty' status ... [it] may not now, under the guise of a proceeding analogous to a termination petition, come into court and contradict precisely that which it admitted when it granted employee I.O.D. benefits...." *Id.* While we recognize that I.O.D. status for purposes of the Philadelphia Civil Service regulations is similar to an NCP under the Act, the two are not interchangeable.

6. Civil Service Rule 32.032 provides that the "[d]etermination of whether a disability is service-connected shall be made by the employee's appointing authority." Civil Service Rule 2.03 defines "appointing authority" as "the employer, supervisor, officer, board, commission, division or department head empowered by law or ordinance, or by lawfully delegated authority, to make appointments to positions in the City service or, in cases where delegation is not prohibited by Charter or law, such other persons as may properly be designated or empowered to act."

7. I.O.D benefits are awarded pursuant to Civil Service Regulation Section 32.0231 which provides:

Disability Salary for Police Officer Injured On Duty. Notwithstanding any other provi-

to an award of benefits to police officers for injuries "in the performance of his duties" for which benefits are paid pursuant to the Heart and Lung Act.[8] *See Ebald v. City of Philadelphia,* 387 Pa. 407, 128 A.2d 352 (1957); *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5,* 723 A.2d 747 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 560 Pa. 751, 747 A.2d 372 (1999). I.O.D. benefits are not awarded just because injuries were incurred in the course of a police officer's employment but because they were the result of violent conduct or an emergency situation. It is worthwhile to note that I.O.D. benefits are specifically not awarded for vehicular accidents. In *Colyer v. Pennsylvania State Police,* 165 Pa.Cmwlth. 41, 644 A.2d 230 (1994), we held that the Heart and Lung Act standard—"in the performance of his duties"—is not the equivalent of the "in the course of employment" standard for benefits under the Act. More specifically, in *Polk Center/Department of Public Welfare v. Workmen's Compensation Appeal Board (Pochran),* 682 A.2d 889, 894 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 746, 690 A.2d 1164 (1997), addressing

benefits contained in Act 534[9] for employees of mental hospitals that are similar to Heart and Lung benefits, we held that a determination under Act 534 did not bind the department in the subsequent worker's compensation proceeding stating:

[T]he provisions of Act 534 exist independently from the WCA [Workers' Compensation Act], and that the grant or denial of benefits under Act 534 could not be conditioned upon a prior decision by a WCJ or the Board under the WCA.... Similarly, we will not condition the grant or denial of workers' compensation benefits upon a prior decision by [the Department of Public Welfare] DPW under Act 534.... To impose such a requirement would effectively elevate Act 534 to a privileged position superior to that held by the WCA....

Although sharing a similar purpose, the two acts operate separately from one another, requiring independent action, after a full due process hearing by the respective governmental bodies which have been delegated to adjudicate such claims....

■ Because the performance of duties standard for I.O.D. benefits is different

---

sions of these regulations, a Police Officer who is injured on duty as (1) an immediate result of the violent conduct of a third party that was directed towards the officer or a member of the public, or (2) an immediate result of performing other heroic action in an emergency situation in the line of duty, shall receive IOD pay at 100% of the officer's pre-injury base pay, including longevity. This regulation shall not cover injuries resulting from vehicular accidents in which the injured officer is a vehicular occupant at the time of the injury. The determination for the 100% pre-injury pay benefit shall be made at the sole discretion of the Police Commissioner.

8. What is commonly called the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638, imposes the duty on governmental agencies employing

certain public safety employees to provide them with full compensation while they are temporarily disabled due to work-related injuries. *Organ v. Pennsylvania State Police,* 112 Pa.Cmwlth. 352, 535 A.2d 713 (1988). The Heart and Lung Act is not applicable to Philadelphia's similar but not identical benefits being awarded Civil Service Regulation 32. *Ebald.*

9. Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §§ 951–952. Act 534 provides in relevant part that:

[A]ny employe of a state mental hospital ... who is injured during the course of his employment by an act of any inmate or any person confined in such institution ... shall be paid ... his full salary, until the disability arising therefrom no longer prevents his return....

from the proof necessary for "in the course of employment" standard under the Act, an award of I.O.D. benefits will not preclude the Employer from making a different representation to the WCJ as to whether the injuries were work-related based on its investigation of the events.[10] *See also Bortz v. Worker's Compensation Appeal Board (Reznor Div. of FL Industries),* 546 Pa. 77, 683 A.2d 259 (1996).

Because a WCJ's determination of compensability under the Act is separate from any finding by an employer regarding I.O.D. benefits, Employer was not estopped by its payment of I.O.D. benefits to Claimant from contesting its liability on her claim petition under the Act. *See Polk Center; see also Kelly v. Workmen's Compensation Appeal Board (Controlled Distribution Services, Inc.),* 155 Pa.Cmwlth. 313, 625 A.2d 135 (1993) (payment of compensation for a work injury in another state was not an admission of liability under the Act). Because Employer successfully challenged the claim petition before the WCJ,[11] the Board did not err in affirming the dismissal of Claimant's claim petition and penalty petition.

### ORDER

AND NOW, this *5th* day of *March,* 2001, the order of the Workers' Compensation Appeal Board entered August 10, 2000, at appeal No. A99–0082, is affirmed.

61 P.S. § 951.

10. To hold otherwise would undermine the provision in Section 315 that tolls the statute of limitation due to the receipt of benefits "in lieu of compensation" under an established plan or policy. 77 P.S. § 602.

11. Based on our determination, Claimant's second argument that the Board erred in failing to assess penalties for unilateral ter-

mination of benefits must also be denied. Because Claimant did not establish a compensable injury before the WCJ, there is no basis for the award of penalties under Section 435(d) of the Act. 77 P.S. § 991; *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.),* 651 A.2d 623 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 541 Pa. 628, 661 A.2d 875 (1995).