Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Roadway Express, Inc. and Donald P. Harvey, Respondents.

Argued February 5, 1979, before Judges ROGERS, DISALLE and MACPHAIL, sitting as a panel of three.

*Sandra S. Christianson,* Assistant、Attorney General, for petitioner.

*Michael I. Levin,* with him *Cleckner & Fearen,* for respondents.

OPINION BY JUDGE DISALLE, March 30, 1979:

The Department of Labor and Industry (Department) appeals the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination that Roadway Express, Inc. (Roadway), did not violate The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., when it unilaterally withheld workmen's compensation benefits due Donald Harvey (Claimant). The Department contends that the Board erred as a matter of law in failing to conclude that Roadway violated Section 413(b) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §774.1,[1] and in failing to assess some penalty pursuant to Section 435(d)(i) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §991(d)(i).[2]

---

[1] Section 413(b) pertinently provides that "[a]ny insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor * * * or a final receipt * * * or without filing a petition * * * shall be subject to penalty as provided in Section 435." We note that while the Department argues in its brief with reference to Section 413 of the Act, 77 P.S. §§771-74, it is clear that its argument below was predicated solely in Section 413(b).

[2] Section 435(d)(i) pertinently provides as follows:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act. . . .

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and in-

The factual background of the case is largely undisputed. Claimant was injured while in Roadway's employ and began receiving compensation therefor. Sometime thereafter, Roadway withheld or suspended payments to Claimant without first having filed a final receipt, termination petition, supplemental agreement, or any other petition or agreement contemplated by Section 413 (b).[3] After several weeks, Roadway *voluntarily* resumed payments and made a lump sum back payment to Claimant of all benefits withheld.

In finding that Roadway did not violate the Act, the referee and the Board believed that Roadway's suspension of benefits was unintentional and that at all times Roadway acted in good faith. The fact that Roadway acted voluntarily to resume payments without any administrative action being necessary contributed to their belief that Roadway made an honest mistake which it quickly corrected when it perceived its error. The referee, with the Board affirming, found that no violation had occurred and simply assessed the normal interest rate for compensation due and unpaid as provided by Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §717.1.

Our review of the matter convinces us that since Roadway failed to comply with the specific requisites of Section 413(b), it thereby became subject to the

---

terest accrued and payable: Provided, however That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. . . .

[3] While the reason for this suspension of benefits is not entirely clear, it is admitted that Claimant did return to work the day before benefits were suspended. While Claimant was unable to continue in this position, Roadway contends, and the referee and Board seemed to agree, that Claimant's action prompted an administrative error on its part which resulted in benefits being unintentionally suspended.

penalty provisions of Section 435. Section 413(b) simply says that an insurer (Roadway is self-insured) who suspends compensation payments without taking the prescribed action "shall be subject to penalty." It is admitted that Roadway, for whatever reason, did not take the prescribed action. The Board erred, therefore, in failing to find a violation of the Act.

We hasten to add, however, that once a violation of Section 413(b) is found, the question of whether a penalty is to be imposed is strictly discretionary. Having carefully considered this matter, we are convinced that the very reasons which prompted the referee and the Board to find no violation of the Act in the first instance, support their conclusion that Roadway should not be subject to penalty. The referee and the Board believed that Roadway made an honest mistake which it voluntarily and in good faith expeditiously rectified when its error became known. Ample evidence supports this belief. On the basis of this record, we see no legitimate purpose to be served by imposing a penalty on Roadway. We believe therefore, that while the Board erred as a matter of law in failing to find that Roadway did not comply with the Act when it suspended benefits, the Board did not act unreasonably in refusing to impose a penalty.

### ORDER

AND Now, this 30th day of March, 1979, that part of the order of the Workmen's Compensation Appeal Board dated October 19, 1977, affirming a referee's determination that Roadway Express, Inc., did not violate The Pennsylvania Workmen's Compensation Act is hereby reversed. That part of the same order which affirmed a referee's determination that Roadway Express, Inc., is not subject to penalties pursuant to The Pennsylvania Workmen's Compensation Act is hereby affirmed.