Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Pennsylvania Manufacturers' Association Insurance Company and Taylor Lock Company, Respondents.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, for petitioner.

*Susan J. Poll,* with her, *John F. McElvenny,* for respondents.

OPINION BY JUDGE CRAIG, February 22, 1980:

The Department of Labor and Industry (department) appeals from an opinion and order of the Workmen's Compensation Appeal Board (board), reversing the referee's determination that Pennsylvania Manufacturers' Association Insurance Company (insurer) violated Section 412 of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §791,[1] which requires departmental approval before compensation benefit payments may be commuted.

On appeal, the department alleges that the board erred as a matter of law in failing to conclude that insurer violated Section 412 of the Act and failing to assess a penalty pursuant to Section 435(d)(i) of the Act, 77 P.S. §991(d)(i).[2]

The factual background of this case is undisputed. On July 14, 1976 a referee awarded claimant, James Lennon, specific loss compensation benefits of $104.63 per week for 355 weeks. On September 20, 1976, without authorization by the department, insurer paid claimant a commuted amount of $23,183.02 for 222-4/7 weeks of compensation, without deducting any commutation discount. Insurer reported the payment to the Bureau of Employment Security, at which point the department filed a rule to show cause under Section 435(b) of the Act, 77 P.S. §991(b).

After hearing, the referee concluded that insurer was "unintentionally guilty of a violation of Section 435 of the Act by paying claimant the commuted value of his compensation benefits without prior authoriza-

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

[2] Added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended.*

tion from the referee or the appeal board." The referee assessed a penalty against insurer for its "unintentional violation" in the amount of 10% of the commuted amount.

On appeal, the board specifically overruled the referee's finding and conclusion that insurer's action, in making a commuted payment without authorization, constituted a violation of the Act.

Insurer admits that the payment was made to claimant.

The record establishes that insurer was in violation of Section 412 of the Act, and the regulation at 34 Pa. Code §121.20, which limits authorized commutation payments to the final 25-week period or less. The board erred, therefore, in failing to find a violation of the Act.

Even though we conclude that there was a violation, we express no disagreement with the board's decision to impose no penalty in view of the determination of the referee and the board that the insured's payment of the commuted amount was unintentional and due to clerical error. Indeed, the insurer has subjected itself to a slight disadvantage in that it has paid the commuted amount without the discount that otherwise would have been available under Section 316 of the Act, 77 P.S. §604.

However, there is at least a theoretical possibility that the board might have imposed some penalty if it had been proceeding on the basis that there was a violation as a matter of law. Therefore, we will remand this case to the board to determine whether or not there should be a penalty in view of the conclusion we have reached.

In adopting this procedure, we overrule two of our recent decisions, *Department of Labor and Industry v. Workmen's Compensation Appeal Board*, Pa. Commonwealth Ct. , 407 A.2d 139 (1979),

and *Department of Labor and Industry v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 456, 399 A.2d 1145 (1979), to the extent that they represent a different approach to the final determination of the penalty question.

### ORDER

AND Now, this 22nd day of February, 1980, the opinion and order of the Workmen's Compensation Appeal Board at No. A-73792, dated March 9, 1978, is reversed insofar as it finds that a violation of The Pennsylvania Workmen's Compensation Act did not occur, and this case is remanded to the Board to reconsider the imposition of a penalty in view of the opinion herein.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.