## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kirk Hall, : 
          Petitioner : 
           : 
          v. : No. 1916 C.D. 2015
           : Submitted: January 29, 2016
Workers' Compensation Appeal : 
Board (Powell Electro Systems), : 
          Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: June 14, 2016**

Kirk Hall (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which, after remand, affirmed a Workers' Compensation Judge's (WCJ) decision that denied Claimant's penalty petition and awarded an unreasonable contest attorney fee to Claimant's counsel of $3,500. Upon review, we affirm.

## I. Background

In March 2006, Claimant sustained a work-related lower back injury while working for Powell Electro Systems (Employer). In July 2009, he filed a claim petition. In January 2011, the WCJ treated the claim petition as a reinstatement petition and awarded workers' compensation benefits. Both parties appealed to the Board.

In the interim, after Claimant underwent surgery for his injury in May 2006, he returned to work for Employer with restrictions. In July 2009, Employer eliminated Claimant's job for economic reasons. Thereafter, Claimant began working for Tri-Com, Inc., a new employer, performing "even lighter duty work duties" at a wage of $900 per week. WCJ's Dec., 1/28/11, Finding of Fact (F.F.) No. 7.

While the parties' appeals of the WCJ's January 2011 decision were pending before the Board, Claimant filed a penalty petition alleging Employer violated the Workers' Compensation Act[1] (Act) by failing to pay compensation benefits in accordance with the WCJ's decision.[2]

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1–1041.4, 2501–2708.

[2] The WCJ's January 2011 Order states, in pertinent part:

> NOW, January 28, 2011, the instant Claim Petition, treated as Reinstatement Petition, is Granted, and [Employer] is ORDERED to pay Claimant appropriate disability compensation commencing as of July 6, 2009, and continuing thereafter until liability is altered pursuant to law; the weekly rate of compensation is to be calculated using all credits and understandings as agreed and noted in Finding No. 8.

WCJ's Dec., 1/28/11, at 4. In turn, Finding of Fact No. 8 of the WCJ's January 2011 Decision states, in pertinent part (with emphasis added):

> 8.     The record demonstrates an earning power on the part of [Claimant] of $900.00 per week. [Employer] has not presented any evidence to show a higher figure; no employment referral or labor market survey has been presented. Within this context, and given Claimant's work related restrictions, which impacted on his ability to perform all the physical functions of his pre-injury position, he is entitled to a reinstatement of disability benefits, despite the economic reasons for his termination of employment. [Employer], in turn, is entitled to credits as agreed to by [Claimant] predicated on unemployment compensation benefits, accrued vacations and earnings with Tri-Comm [sic]

**(Footnote continued on next page…)**

2

In August 2012, the Board affirmed in part and reversed in part the WCJ's January 2011 decision. Specifically, the Board determined the WCJ correctly found Claimant was entitled to a reinstatement of benefits after he was laid off from his job for economic reasons while still under medical restrictions as a result of his work injury. The Board also held the WCJ erred by not calculating Claimant's average weekly wage (AWW) and by not making a finding as to Claimant's correct compensation rate and the amount of partial disability benefits.

Finally, the Board determined Employer did not present a reasonable contest, and it remanded the case to the WCJ to afford Claimant the opportunity to present a *quantum meruit* fee bill for possible approval. Thus, the Board remanded the case for the WCJ to:

> make a necessary finding regarding Claimant's pre-injury [AWW], provide Claimant with an opportunity to present a *quantum meruit* fee for approval and an award if the [WCJ] should find such fee to be reasonable, and make a determination as to the amount of partial disability benefits Claimant is due based on the difference between the wages he was receiving and his pre-injury [AWW] and an award based on that calculation. On remand, the parties may also present evidence regarding Claimant's pre-injury [AWW].

Bd. Op., 8/12/12 at 9 (emphasis added).

_____

**(continued…)**

> [(Claimant's new employer)]. A Statement of Wages, properly calculating the average weekly wage has not been submitted as agreed, to confirm the $1900 per week figure offered on Claimant's behalf (it is expected that the parties will agree on the AWW; See, Deposition of Claimant, NT 27-28).

WCJ's Dec., 1/28/11, Finding of Fact (F.F.) No. 8 (emphasis added).

3

On remand, the WCJ made findings of fact and conclusions of law determining Claimant's AWW, the amount of partial disability benefits to which Claimant was entitled, and assessed $3,500 in attorney fees against Employer. In the same decision, the WCJ disposed of the penalty petition: the WCJ denied the petition because the record did not reveal any improper intentional action on Employer's part. This remand/penalty decision is at the heart of the current appeal.

On Claimant's appeal of the WCJ's remand/penalty decision, the Board affirmed. It determined Claimant did not establish Employer violated the Act by withholding compensation benefits. The Board also determined the WCJ never received an appropriate *quantum meruit* request from Claimant's counsel listing the amount and length of time for which the fee was payable based on the skill required, the duration of the proceedings and time and effort required and actually expended. Thus, the Board found the WCJ did not err in determining $3,500 was an appropriate award of attorney fees. Claimant now petitions for review to this Court.

## II. Issues[3]

Claimant first argues the Board erred in affirming the WCJ's decision not to award a penalty for Employer's conduct where Employer withheld payment of awarded compensation benefits after the WCJ granted Claimant's claim/reinstatement petition. Additionally, Claimant asserts the Board erred in

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Watt v. Workers' Comp. Appeal Bd. (Boyd Bros. Transp.), 123 A.3d 1155 (Pa. Cmwlth. 2015).

4

affirming the WCJ's remand decision which only awarded $3,500 in unreasonable contest attorney fees.

### III. Discussion
### A. Penalty Petition
#### 1. Contentions

Claimant first contends Employer violated the Act by unilaterally withholding payment of his compensation checks after the WCJ directed Employer to make payment. Claimant asserts that after the WCJ granted Claimant's claim petition and Employer appealed, Employer simply ceased paying benefits while the appeal was pending. Claimant argues Employer was required to obtain a supersedeas which, if granted, would allow it to stop paying compensation benefits. Thus, Claimant argues the Board erred by not awarding him a penalty for Employer's unilateral withholding of benefits.

Employer counters that its insurance carrier was in contact with Claimant's counsel to obtain records regarding Claimant's wages from his new employer, Tri-Com, Inc. The insurance carrier did not provide any disability benefits between March 2011 and August 2011 not because of an intentional violation of the Act but due to Claimant's failure to document his earnings from his new employer. Employer further points out the WCJ acknowledged a long-standing practice to require paystubs or similar evidence as proof of earnings. WCJ's Dec. 8/19/14, Finding of Fact (F.F.) No. 3(e).

5

## 2. Analysis

Section 435 of the Act provides that penalties can be imposed on an employer when it fails to follow the procedures set forth in the Act. 77 P.S. § 991. Sections 435(b) and (d) of the Act state:

> (b) If it appears that there has not been compliance with this act or rules and regulations promulgated thereunder the department may, on its own motion give notice to any persons involved in such apparent noncompliance and schedule a hearing for the purpose of determining whether there has been compliance. The notice of hearing shall contain a statement of the matter to be considered.

> \* \* \* \*

> (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure ….

77 P.S. §991(b), (d). The imposition of penalties under the Act is an issue independent from the merits of the claim. See, e.g., Winkelmann v. Workmen's Comp. Appeal Bd. (Estate of O'Neill), 646 A.2d 58 (Pa. Cmwlth. 1994). When a claimant files a penalty petition, the initial burden is on him to prove a violation of the Act occurred. Shuster v. Workers' Comp. Appeal Bd. (Pa. Human Relations Comm'n), 745 A.2d 1282 (Pa. Cmwlth. 2000). Once the claimant meets this burden, the burden shifts to the employer to prove it did not violate the Act. Id.

No penalty may be imposed under Section 435(d) of the Act in the absence of a violation of the Act or the rules or regulations of the Board or the

6

Department of Labor and Industry. Glagola v. Workmen's Comp. Appeal Bd. (Bethlehem Mines Corp.), 428 A.2d 1016 (Pa. Cmwlth. 1981).

More important for our disposition, while there must be a finding as to whether there was a violation of the Act, such a finding does not mandate the imposition of a penalty. Dept. of Labor & Industry v. Workmen's Comp. Appeal Bd. (Taylor Lock Co.), 410 A.2d 1325 (Pa. Cmwlth. 1980) (no penalty awarded for unintentional violation of Act). A WCJ's refusal to award penalties for a technical violation of the Act does not constitute an abuse of discretion. Ostrawski v. Workers' Comp. Appeal Bd. (UPMC Braddock Hosp.), 969 A.2d 15 (Pa. Cmwlth. 2009).

Here, the WCJ found that the Board's remand order required "a determination as to the amount of partial disability benefits Claimant is due based on the difference between the wages he was receiving [from his new employer] and his pre-injury [AWW] and an award based upon that calculation." WCJ's Dec., 8/19/14, F.F. No. 2(c). The WCJ further found Employer's insurance carrier was entitled to the records of Claimant's earnings from his new employer prior to making payments to Claimant on his claim petition. In this regard, the WCJ found that requiring proof of earnings was a long-standing practice in workers' compensation matters, and James O'Hora, a senior case manager for Employer's workers' compensation insurance carrier, acted properly in waiting for these proofs from Claimant.

7

Ultimately, the WCJ determined Employer did not intentionally violate the Act. The WCJ found the record did not reveal any improper, intentional action on the part of Employer as to the payment of benefits and the taking of credits against those benefits. WCJ's Dec. 8/19/14, F.F. No. 3(a). Specifically, the WCJ found:

> 3. As related to the Penalty Petition (with the above Findings being incorporated as relevant), the undersigned does not find [Employer] violated the Act as to its treatment of partial disability benefits or other benefits, and specifically, as already noted, the collection of data before paying partial disability benefits.
>
> > (a) <u>This record does not demonstrate any improper intentional action on the part of [Employer] as to the payment of benefits and taking of credits</u> …. Among others matters, and by way of example that there was no intention to impede payment to … Claimant, Mr. O'Hora testified that the payment of some $2,980 for partial disability for a limited period in February 2012 was made within the week of receiving the appropriate wage information. (O'Hora 8-9; See also, N.T. 9-13, as to O'Hora's efforts regarding a so-called 'bounced' check in May 2012).
> >
> > (b) The fact that in 'hindsight' Claimant was entitled to the maximum payable for partial benefits despite his $500 per week earnings, does not diminish the need to calculate benefits on the same time-basis as wages are paid (which could change -- even if they did change as in this case).
> >
> > (c) In this connection, Mr. O'Hora testified to being in contact with Claimant's Counsel to obtain proper records, and sought to arrange for having paystubs forwarded on some regular basis to properly calculate the partial benefits. (See, O'Hora [Dep.], NT 17-18; the efforts at that time do not appear to have been fruitful).

8

(d) Here, it appears matters could have been handled better - with perhaps better communication between the parties. This is to be contrasted to a penalty situation. For example, in this connection, it appears that all parties originally believed Claimant's $900.00 per week earnings still allowed for him to receive the maximum weekly benefit of $745.00 for 2006 work injuries - based upon a sufficiently high AWW. However, even at a $1,900 AWW (noted in Finding No. 8 of the original Decision as 'offered on Claimant's behalf' would not justify a $745.00 per week benefit ($1,900 less $900 equals $1,000, times 2/3 equals $666.67 per week).

(e) Under all the circumstances … and given a long standing practice to require pay-stubs or the like as proof of earnings (which appears most reasonable), no penalty will be assessed in the exercise of discretion, even if some violation can be viewed as having occurred. The Penalty Petition is appropriately denied and dismissed.

WCJ's Dec. 8/19/14, F.F. Nos. 3(a)-(e) (emphasis added). The record adequately supports the WCJ's findings. O'Hora Dep. at 8-9, 13-18; see also Dep. of Kirk Hall, 4/27/10, at 27-28. In turn, those findings support the WCJ's determination that no penalty was warranted here. WCJ's 8/19/14, Concl. of Law No. 2; Taylor Lock Co.; Ostrawski.

Therefore, upon extensive review of the record as a whole, we conclude the Board properly affirmed the WCJ's decision denying Claimant's penalty petition.[4]

---

[4] In denying Claimant's penalty petition, the WCJ also relied, in part, on a purported supersedeas order the Board issued in March 2011, which required that Claimant furnish his wage records from his new employer. See WCJ's Dec. 8/19/14, F.F. Nos. 2(c), 3(a), 3(e). However, this supersedeas order is not included in the certified record; therefore, we do not reference it. Nevertheless, for the reasons set forth above, we discern no error in the WCJ's denial of Claimant's penalty petition where Claimant did not timely supply the wage records **(Footnote continued on next page…)**

9

## B. Attorney Fees
### 1. Contentions

Claimant next argues the WCJ erred by capping the unreasonable contest attorney fee at $3,500 instead of awarding a 20% fee for the period up to the circulation date of the WCJ's remand/penalty decision. Claimant contends the contest was unreasonable in the initial round of litigation, as the Board found, and in the litigation on remand as well. In particular, the unreasonable nature of the contest on remand continued during litigation over the penalty petition. Claimant needed to file the penalty petition in order to receive benefits already awarded by the WCJ. Also, Employer's insurance carrier witness conceded that earnings from Claimant's new employment would not affect Claimant's compensation rate. Claimant argues the $3,500 award does not account for the time and effort Claimant's counsel spent litigating this matter over the course of two rounds of litigation over four years.

Employer asserts that during the remand proceedings, the WCJ gave Claimant's attorney ample time to provide the amount of the *quantum meruit* fees he was seeking. Employer contends that, despite the WCJ's grant of additional time to provide the information, and noting that grant of time on the record, as well as holding three additional hearings after noting the record, the WCJ never received the information for the *quantum meruit* fee. WCJ's Dec., 8/19/14, F.F. Nos. 2(b), 3(c), (e); WCJ's Hr'g, Notes of Testimony (N.T.), 7/10/13 at 5; see also

---

**(continued…)**

from his new employer, and Employer promptly began paying benefits after it received those records.

N.T., 10/9/13 at 5-6; N.T. 3/7/14 at 5; N.T. 5/12/14 at 5-6. Thus, Employer argues the Board's decision to affirm the WCJ clearly shows that the evidence supports this decision.

## 2. Analysis

Section 440(b) of the Act provides:

> If counsel fees are awarded and assessed against the insurer or employer, then the [WCJ] must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

77 P.S. §996(b).

First, for the reasons discussed above, we reject Claimant's assertion that any unreasonable contest continued into the second round of litigation on remand and on the penalty petition. As detailed above, neither the WCJ nor the Board erred in refusing to award penalties. Also, there are no findings that Employer's contest during the remand/penalty phase was unreasonable. We agree with the WCJ that: "[t]he fact that in 'hindsight' Claimant was entitled to the maximum payable for partial benefits … does not diminish the need to calculate benefits on the same time-basis as wages are paid …." WCJ's Dec., 8/19/14, F.F. No. 3(b).

11

As to unreasonable contest attorney fees for the initial round of litigation concerning the claim/reinstatement petition, the Board determined Employer did not present a reasonable contest, and Claimant was entitled to the opportunity to present a *quantum meruit* fee for approval. Bd. Op. at 3. As a result, the Board remanded to the WCJ in part to "provide Claimant with an opportunity to present a quantum meruit fee for approval and an award if the [WCJ] should find such fee to be reasonable …." Bd. Order, 8/12/12.

On remand, the WCJ found Claimant's counsel received "opportunity upon opportunity" to submit a proper application for *quantum meruit* fee. WCJ's Dec., 8/19/14, F.F. No. 2(b). Further, as identified by the WCJ, Section 131.55 of the Special Rules Before WCJs,[5] as it pertains to a *quantum meruit* fee, details the calculation by itemizing the services rendered, time expended and addresses factors enumerated in Section 440 of the Act. 34 Pa. Code §131.55(c). In elaborating on this in his remand decision, the WCJ found:

> The remand was to 'provide Claimant with an **opportunity** to present a *quantum meruit* fee for approval and an award if the [WCJ] should find such fee to be reasonable.' (Order of [Board]; Emphasis Supplied). <u>Following remand, Claimant's Counsel was given 'opportunity upon opportunity' to submit a proper application for a *quantum meruit* fee - but Counsel has</u>

---

[5] 34 Pa. Code §131.55(b) (Special Rules Before WCJs) provides:

> (b) Under section 440 of the act (77 P.S. § 996), in a disputed claim under the act when the employer or insurance carrier has contested liability in whole or in part, the employee or a dependent, in whose favor the proceeding has been finally decided, will be awarded attorney fees and costs against the employer or insurance carrier, unless the employer or insurer had a reasonable basis for contesting the petition.

Id.

12

> not filed the application as authorized by Section 131.55 of the Judges' Rules, relating to *quantum meruit* fees (detailing the calculation by itemizing the services rendered, the time expended, and addressing all factors enumerated in Section 440 of the Act). The Rule would provide [Employer] with an opportunity to file a response. Rather, here, Claimant's Counsel asked for a 20% fee from [Claimant's termination of employment to the date of WCJ's remand decision, which was July 6, 2009 – August 18, 2014], without any detail of any time expended, etc. A denial of any Section 440 fee may well be proper. However, given the finding of the [Board] as to an unreasonable contest, and considering the criteria of Section 440 (although not detailed by Counsel), including that in the initial proceedings Claimant's Counsel attended hearings, participated in three depositions (Claimant, Employer, and [Employer's] Medical), prepared a brief and submitted proposed Findings/Summary of Evidence, and has a long experience in compensation practice, a fee of $3,500 will be assessed for an unreasonable contest; it will serve as a credit as against Claimant's responsibility for attorney fees.

Id. (underlined emphasis added). Further, Section 131.55(e) of the Special Rules Before WCJs states that a "decision on the fee award will be made based on the record of the case and, if filed, the application and response" 34 Pa. Code §131.55(e) (emphasis added).

In short, in his remand decision, the WCJ granted Claimant's counsel additional time to provide the information, and noted that grant of time on the record. N.T., 7/10/13, at 5. The WCJ also identified on the record that three additional hearings were held, but the WCJ never received the information for the *quantum meruit* fee. N.T., 7/10/13 at 5; see WCJ's Dec. 8/19/14, F.F. No. 2(b); see also N.T., 10/9/13 at 5-6; N.T. 3/7/14 at 5; N.T. 5/12/14 at 5-6. Thus, the WCJ based his remand decision on the record, taken as a whole, which contained substantial evidence to support his findings. The Board's decision to affirm the

13

WCJ's remand decision awarding a $3,500 fee for the initial round of litigation only, was clearly supported by substantial evidence.

Based on the foregoing, we affirm.

_____
ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kirk Hall,                                                :
                              Petitioner     :
                                                         :
            v.                                   :     No. 1916 C.D. 2015
                                                         :
Workers' Compensation Appeal         :
Board (Powell Electro Systems),         :
                              Respondent    :

# **O R D E R**

**AND NOW**, this 14th day of June, 2016, the order of the Workers'
Compensation Appeal Board is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge